# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>COSMETIC SURGERY ASSOCIATES OF TEXAS, PLLC d/b/a PLANO PLASTIC SURGERY; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 1:24-cv-385<br><br>**COMPLAINT FOR**<br><br>  **(1) COPYRIGHT INFRINGEMENT**<br>  **(2) REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, TAMARA WAREKA p/k/a TAMARA WILLIAMS by and through her undersigned counsel, brings this Complaint against Defendants, COSMETIC SURGERY ASSOCIATES OF TEXAS, PLLC d/b/a PLANO PLASTIC SURGERY; and DOES 1-10, inclusive, and alleges as follows:

## NATURE OF THE ACTION

1.    This is a civil action seeking damages and injunctive relief for copyright infringement, removal of copyright management information, and falsification of copyright management information under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*. and 17 U.S.C. § 1202.

## PARTIES

2.    Tamara Williams ("Williams") is an individual and professional

photographer residing in Germany.

3. Upon information and belief, COSMETIC SURGERY ASSOCIATES OF TEXAS, PLLC d/b/a PLANO PLASTIC SURGERY ("Plano Plastic Surgery") is a Texas professional association with its principal place of business at 4100 West 15th Street #106, Plano, TX 75093.

4. The true names and capacities of Defendants Does 1 through 10, inclusive, are presently unknown to Plaintiff, and for that reason, sues them by such fictitious names. Plaintiff is informed and believes each of the fictitiously-named defendants is responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained.

5. For the purposes of this Complaint, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendants named in this caption.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over Plaintiff's copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

7. This Court has personal jurisdiction over Defendants because Defendants have a physical presence in the State the State of Texas and/or Defendants transact business in the State of Texas.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)-(d) and/or §1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and/or this civil action arises under the Copyright Act of the United States, and Defendants or their agents reside or may be found in this judicial district.

## FACTUAL ALLEGATIONS

9. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean portraiture featured on her highly popular Instagram account @tamarawilliams, which has amassed almost 600,000 followers.

10. Williams' work has been featured in top publications such as Vogue, Harper's Bazaar, Marie Clare, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim, and many more. Additionally, her work has been used commercially by brands such as NARS, KKW, Fenty, and Benefit.

11. Williams's livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Williams's work deters would-be infringers from copying and profiting from her work without

permission.

12. Williams is the sole author and exclusive rights holder to a close-up beauty photograph of a model with her hands placed around her face, and a unique watermark bearing the name of Williams' Instagram account, "@tamarawilliams1" ("Plaintiff's Watermark"), visible on the model's chin ("Hayley Photograph").

13. Attached as Exhibit A is a true and correct copy of the Hayley Photograph.

14. Williams registered the Hayley Photograph with the United States Copyright Office under Registration Number VA 2-259-542 with an Effective Date of Registration of July 13, 2021.

15. Attached as Exhibit B is a true and correct copy of the Copyright Registration Certificate for the Hayley Photograph.

16. Plano Plastic Surgery is a is a cosmetic medical practice and medical spa offering services such as breast augmentation, rhinoplasty, liposuction, and more. *See generally* https://planoplasticsurgery.com/

17. Upon information and belief, Plano Plastic Surgery owns and operates the Instagram account @planoplasticsurgery, www.instagram.com/planoplasticsurgery/ ("Plano Plastic Surgery Instagram Account").

18. At all relevant times, the Plano Plastic Surgery Instagram Account was

readily accessible to the general public throughout Texas, the United States, and the world.

19. Plano Plastic Surgery generates content on the Plano Plastic Surgery Instagram Account for commercial purposes to attract user traffic to Plano Plastic Surgery, to market and promote Plano Plastic Surgery's services, and to increase the customer base and revenue for the company.

20. At all relevant times, Plano Plastic Surgery had a direct financial interest in the content and activities of the Plano Plastic Surgery Instagram Account (including the activities alleged in this Complaint).

21. At all relevant times, Plano Plastic Surgery had the ability to supervise and control all content on the Plano Plastic Surgery Instagram Account.

### *Defendants Unauthorized Use of the Hayley Photograph and Willful Infringement*

22. On or about April 19, 2024, Williams discovered her Hayley Photograph being used in a post on the Plano Plastic Surgery Instagram Account with added text labeling "Lip Anatomy," and captioned "It's essential to have a detailed knowledge of lip anatomy to perform proper lip micropigmentation treatment. Contact us!" with the Defendant's phone number and business address listed. ("Instagram Post").

23. Attached hereto as Exhibit C is a true and correct screenshot of the Hayley Photograph as used in the Instagram Post on the Plano Plastic Surgery

Instagram Account.

24. In the Instagram Post, Plano Plastic Surgery removed and/or covered Plaintiff's Watermark by blurring the Hayley Photograph to hide Plaintiff's Watermark from view. *See* Exhibit C.

25. Attached hereto as Exhibit D is a true and correct copy of Plaintiff's Hayley Photograph, showing Plaintiff's Watermark, along with a true and correct copy of the Instagram Posts, zoomed in, showing where Defendants blurred out or otherwise covered Plaintiff's Watermark.

26. The purpose of the use of the Hayley Photograph on the Plano Plastic Surgery Instagram Account was to provide high-quality and aesthetically pleasing content congruent with Plano Plastic Surgery's marketing goals to entice users to book an appointment for services with Plano Plastic Surgery.

27. The purpose of the use of the Hayley Photograph in the Instagram Post was to promote Plano Plastic Surgery's services by providing visual content in the form of a high-quality, professionally-produced photograph to assist the viewer in visualizing the results that could be achieved with Plano Plastic Surgery's services.

28. Williams did not provide permission or authorization to Plano Plastic Surgery to use, make a copy of, or publicly display the Hayley Photograph on the Plano Plastic Surgery Instagram Account with or without the modifications to Plaintiff's Watermark.

29. Plano Plastic Surgery (including its employees, agents, contractors or others over whom it has responsibility and control) created an unauthorized copy of the Hayley Photograph, modified Plaintiff's watermark, and caused it to be uploaded to and displayed on the Plano Plastic Surgery Instagram Account.

30. Plano Plastic Surgery (including their agents, contractors or others over whom they have responsibility and control) used, displayed, published, and otherwise held out to the public Williams's original and unique Hayley Photograph in order to acquire a direct financial benefit, through revenue from the sales of Plano Plastic Surgery's services and products, from the use of the Hayley Photograph.

31. After discovering the unauthorized use of the Hayley Photograph, Williams, through his counsel, sent correspondence to Plano Plastic Surgery in an attempt to resolve this matter.

32. The parties were unable to resolve the matter.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101, *et seq.*

33. Williams incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Williams owns a valid copyright in the Hayley Photograph.

35. Williams registered the Hayley Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

36. Defendants (including the employees, agents, contractors or others over whom they have responsibility and control) copied and displayed Williams's unique and original Hayley Photograph without Williams's consent or authorization in violation of 17 U.S.C. § 501.

37. Defendants willfully and deliberately infringed upon Williams's rights in her copyrighted Hayley Photograph in violation of Title 17 of the U.S. Code because, *inter alia,* Defendants knew Plaintiff's Watermark indicated Williams was the owner of the Hayley photograph, and Defendants knew, or should have known, they did not have a legitimate license or permission to use Hayley Photograph.

38. As a result of Defendants' violations of Title 17 of the U.S. Code, Williams has sustained significant injury and irreparable harm.

39. As a result of Defendant's violations of Title 17 of the U.S. Code, Williams is entitled to any actual damages and profits attributable to the infringement, pursuant to 17 U.S.C. §504(b), or at Williams's election, statutory damages pursuant to 17 U.S.C. § 504(c).

40. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendant as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

## SECOND CAUSE OF ACTION
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION
## 17 U.S.C. § 1202(a)

41. Williams incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) knowingly and intentionally removed copyright management information related to the Hayley Photograph with the intent to induce, enable, facilitate, or conceal its infringement of the Hayley Photograph.

43. Specifically, Defendants made an unauthorized copy of the Hayley Photograph, and knowing it was not the rightful copyright owner of the Hayley Photograph and concealed Plaintiff's Watermark on the Hayley Photograph before incorporating the Hayley Photograph in the Instagram Post on the Plano Plastic Surgery Instagram Account.

44. Defendants intended to enable and conceal their infringement by intentionally cropping, blurring, or otherwise concealing Plaintiff's Watermark, as it was included in the original image to mislead the public to believe that Plano Plastic Surgery was the rightful copyright owner of the Hayley Photograph.

45. Defendants conduct constitutes a violation of 17 U.S.C. § 1202(b).

46. As a result of Defendant's violations of 17 U.S.C. § 1202(b), Williams

has sustained significant injury and irreparable harm.

47. As a result of Defendant's violations of 17 U.S.C. § 1202(b), Williams is entitled to any actual damages and profits attributable to the violations of 17 U.S.C. § 1202(b), or in the alternative, Williams may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 for each violation of 17 U.S.C. § 1202(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Williams prays for judgment against Defendants, jointly and severally, as follows:

- For a finding that Defendants infringed Williams's copyright interest in the Hayley Photograph by copying and displaying it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Williams's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);

- For a finding that Defendants knowingly removed copyright management information on the Hayley Photograph with the intent to induce, enable, facilitate, or conceal infringement of the Hayley Photograph, pursuant to 17 U.S.C. § 1202(a);

- For an award of statutory damages for each violation of § 1202(b) in a sum of

not less than $2,500 or more than $25,000, pursuant to 17 U.S.C. § 1203(c)(3)(B);

- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505 and § 1203(b);

- For pre judgment and post judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.


Dated: September 20, 2024                    Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Bar No. 24076924
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne #200,
N Las Vegas, NV, 89032
(813) 710-3013
(714) 597-6729 facsimile
mhigbee@higbee.law
*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Tamara Williams, hereby demands a trial by jury in the above matter.

Dated: September 20, 2024

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Bar No. 24076924
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne #200,
N Las Vegas, NV, 89032
(813) 710-3013
(714) 597-6729 facsimile
mhigbee@higbee.law
*Counsel for Plaintiff*